UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas Gavaras,

         Plaintiff,

v.

Greenspring Media, LLC,
Hour Acquisition Group, LLC d/b/a
Greenspring Media, LLC,

         Defendants.

**ORDER**
Civil No. 13-3566 ADM/JJK

_____

Susan E. Tegt, Esq., and Daniel J. Ballintine, Esq., Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, MN, for Plaintiff.

Michael Barton, Esq., Theresa Smith Lloyd, Esq., and Courtney Nichols, Esq., Plunkett Cooney, Bloomfield Hills, MI; and, Mary M.L. O'Brien, Esq., and Jacalyn N. Chinander, Esq., Meagher & Geer, PLLP, Minneapolis, MN, for Defendants.

_____

     This matter is before the undersigned United States District Judge for a ruling on Defendants Greenspring Media, LLC, and Hour Acquisition Group, LLC d/b/a Greenspring Media, LLC (collectively, "Defendants") Motion for a Stay of Order Pending Appeal [Docket No. 44] (the "Motion").[1]

     On January 13, 2014, the Court found a seventeen-year-old noncompete agreement, for a generic marketing and sales position, facially unenforceable because the agreement's plain language was unclear, vague, overly broad, and incomplete. Order, January 13, 2014 [Docket No. 26]. As a result, on February 3, 2014, Plaintiff Thomas Gavaras ("Gavaras") gave notice of

---

[1] Defendants also requested permission to file a motion to reconsider, which the Court denied on February 6, 2014 [Docket No. 36].

his resignation from Minnesota Monthly, a magazine now owned by Greenspring Media, and commenced employment with the Builders Association of the Twin Cities ("BATC").

Although claims remain pending in this case, Defendants filed with the Eighth Circuit Court of Appeals an interlocutory appeal of the January 13, 2014 Order. See Not. of Appeal [Docket No. 37]. Gavaras filed a motion to dismiss the appeal on the basis that the Eighth Circuit lacks jurisdiction. Gavaras argues the January 13, 2014 Order is neither an immediately-appealable interlocutory order under 28 U.S.C. § 1292(a)(1), nor a final decision under 18 U.S.C. § 1291. The Eighth Circuit has referred the motion to dismiss to a panel hearing, which it will schedule after the completion of briefing.

Defendants request a stay of the effects of the Court's January 13, 2014 Order pursuant to Federal Rule of Civil Procedure 62(c). The rule "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." Native Am. Council of Tribes v. Weber, CIV. 09-4182-KES, 2013 U.S. Dist. LEXIS 105712, at *3 (S.D. July 29, 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2904 (2d ed. 2012)). In exercising its discretion over whether to grant such a stay, this Court considers the following relevant factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Brady v. NFL, 779 F. Supp. 2d 1043, 1045-46 (D. Minn. 2011). A stay intrudes upon the ordinary process of judicial review and administration and is not routinely done as a matter of right even if the moving party might sustain irreparable harm. Nken v. Holder, 556 U.S. 418, 427 (2009)

(citations omitted).  Because stays are matters of judicial discretion, the moving party "bears the burden of showing that the circumstances justify an exercise of that discretion."  Id. at 434 (citations omitted).  "Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied."  Brady, 779 F. Supp. 2d at 1046 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2904 at 503-05 (2d ed. 2012)).

On likelihood of success on the merits, the Court has already analyzed the plain language of the noncompete agreement and found it deficient in many respects.  Order, January 13, 2014.  The noncompete agreement is invalid and unenforceable because the plain language of the agreement is woefully unclear and, the portions that are not ambiguous are impermissibly over broad.  Furthermore, Gavaras is accused of having confidential information consisting of "strategy, operations, logistics, and/or positioning methods of Defendants," but it is unclear what makes this information confidential.  Gavaras was hired seventeen years ago to do generic sales and marketing work for the Defendants' magazine.  To the extent that he developed and helped sell a home tour for Minnesota Monthly, it is unclear what unique confidential information Defendants provided him that he should be prohibited from sharing with a new employer.  Defendants have not shown a likelihood that, even if the Eighth Circuit remands the case for further discovery or argument, further discovery or argument will demonstrate the noncompete agreement is enforceable under Minnesota law.

Next, on irreparable harm to Defendants and substantial injury to the Plaintiff, Gavaras has resigned his position and is gainfully employed at BATC.  Defendants argue they will suffer irreparable harm if Gavaras is allowed to work for BATC because Gavaras has confidential

information regarding their strategy, operations, logistics, and/or positioning methods for the Midwest Home Luxury Home Tour.  But as discussed above, it is unlikely that any of this information is confidential and the Court is disinclined to harm Gavaras's employability by requiring him to give up his employment pending a bond posted by Defendants, a bond, which by its nature, would not benefit Gavaras until the conclusion of the litigation.

Finally, Minnesota law disfavors restrictive covenants.  The public interest in this case lies in protecting employees from vague, overly broad noncompete agreements.  Therefore, a stay pending appeal does not make sense.

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for a Stay Pending Appeal [Docket No. 44] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 9, 2014.